No. 2024.—BRIDGET GRADY, Administratrix *v.* LOUIS DESOBRY, SR., *et als.*

The State Engineer having made a contract in conformity with the Act of 1857, p. 162, for improving and draining Bayou Bourbieux, which lies in the parishes of West Baton Rouge and Iberville, is a competent witness to testify as to the performance of the work in accordance with the contract.

The fact that the engineer is required by the contract to make a report to the Police Jury of the completion of the work does not disqualify him from testifying to other facts not embraced in his report.

APPEAL from the Fifth District Court, parish of Iberville, *Posey*, J. A. *Talbot*, for plaintiff and appellee. *Barrow & Pope* and *W. B. Robertson* and *Oscar Lauve* for defendants and appellants.

HOWELL, J. This is a suit on a joint contract between the defendants and plaintiff's husband for the improvement of the drainage of Bayou Bourbieux, in the parishes of Iberville and West Baton Rouge, and in which the former parties bound themselves to pay to the latter the total sum of fifteen thousand dollars during the progress and on the completion of said work, which was to be performed according to the specifications in said contract.

The parties first cited excepted to the petition on the ground that the contract sued on, being a joint contract, was not complete and binding, as one of the contracting parties had not signed and another signed conditionally, and the condition was not accepted by the others.

By an amended petition accompanied by the original contract, the party alleged not to have signed, was made a party to the suit upon the averment that he was a party to said original contract, which was proven, and the only question on the exceptions is whether or not the condition annexed to the name of one J. A. Levique, in the following words: *"a condition que je sois egoute,"* was accepted.

On the trial of the exceptions, a contract between the State Engineer and these defendants was introduced, by which the latter had agreed to do the work of improving the Bayou Bourbieux, as authorized by Act of 1857, p. 162, and for a sum to be collected by the engineer from the owners of the lands drained, and paid to defendants as the work

progressed. . By the contract sued on this same work was to be done by plaintiff's husband for the defendants. The engineer testifies that, at the date of giving his testimony, he had not paid the defendants *in full* the amount coming to them, as per contract between him and them; that it was not the main reason, in entering into contract with them, that they had an interest in the improvement of the bayou; the main reason was that they were the *lowest bidders* to do the work; that the land of Lavique was embraced in the survey required to be made, and was drained by said bayou. The above statute authorized the engineer to let out said work by contract, which should be binding on all the proprietors of the lands the same as if they had personally bound themselves in said contract. Under this state of facts and the law we must infer the " acceptance" and fulfillment of the condition, if such acceptance was essential. The defendants had bound themselves, as contractors with the State Engineer, to do the work or cause it to be done, without reference to any benefit to their own lands; they had evidently received a part of the price from the engineer; and the land of Lavique was drained according to the condition. We cannot see any legal objection to the testimony of the engineer as to the benefit to Lavique's land. The objection that the " survey" is the best evidence might possibly be good in a suit against Lavique for the assessment upon him as a proprietor of the lands to be drained, but not on his contract to pay for the work in question.

On the merits, it is objected that the engineer could not prove, by parol, that the work was done in accordance with the contract, as the law required him to make a report thereof to the police juries of the two parishes. This report was for the purpose of placing the work after its completion under the control of the parish authorities, who were then to appoint commissioners to keep it in repair. The engineer had full control and supervision of the work as it progressed, and was by the law and the contracts the judge of its character and completion, and he could testify on the subject.

No objection is urged to the amounts found due by the judge *a quo.*

It is therefore ordered that the judgment appealed from be affirmed with costs.